FRUGÉ, Judge ad hoc.
This is a suit for the recovery of damages sustained by plaintiffs as a result of an automobile collision. The suit is brought in the form of a direct action against defendant by plaintiff American Union Insurance Company as the collision insurance carrier of plaintiff Larcee Lewis under its subrogation rights, and by Larcee Lewis for the loss sustained by him personally.
The defendant filed answer wherein it denied that the policy of insurance had ever been issued by the defendant, and in the alternative alleged that the policy was not in effect on the date of the accident for the reason that the same had been cancelled by the defendant. In the further alternative defendant alleged the negligence and contributory negligence of plaintiff Larcee Lewis was the proximate cause of the accident.
On the trial of the case the following stipulations were entered into: That the collision occurred on the date, at the time, and at the place alleged in plaintiff’s petition; that Mariam Stokes was driving the automobile of William Boyd, defendant’s assured, with his knowledge, permission and consent; that the accident was caused by the negligence or fault of Miriam Stokes; that plaintiff American Union Insurance Company was the collision insurance carrier of Larcee Lewis on the date of the collision; that the respective amounts claimed by each of the plaintiffs represented the amount of the loss or damage sustained by each as a result of the collision; that the only issue before the court is the question of whether or not a policy of public liability and property damage insurance covering the automobile of William Boyd was in existence on the date of the collision and whether or not such a policy of insurance was in full force and effect at the time of the accident herein sued on.
From a judgment dismissing plaintiff’s suit, it appeals.
A close examination of the reasons given by the trial judge reveals that he was of the opinion that there was not a proper cancellation of the policy by the defendant since the record did not establish that the *575 letter containing the cancellation notice was ever received by William Boyd, and that the letter provided that the policy would be cancelled “if the premium' is not paid within ten days after receipt of this letter”. Under the facts in the record as well as those facts reviewed and discussed by the trial court on this point, we fully agree that the cancellation of the policy was not effective. We believe pertinent here the holding in the case of Paz v. Implement Dealers Mut. Ins. Co., La.App.Orleans, 1956, 89 So.2d 514.
The lower court, however, went on to hold that there was no liability on the part of defendant, since the said policy was never in force and effect because Boyd had not paid the premium and that the effectiveness of the policy was contingent on the payment of the premium. Here we are constrained to disagree with our learned brother below.
On July 19th, Boyd personally went to the office of W. B. Gilbert Insurance Company, agent of defendant herein, and applied for a policy of public liability and property damage on his car. He was to come the next day and pick the policy up and pay the premium in cash. Despite the fact that Boyd never did show up, this policy was issued on the 19th. Although not countersigned by the agent, it was reported to defendant company and in making this report the local agency was charged by defendant company for the amount of the premium on this policy to-wit $43. In addition to that the State of Louisiana was notified of the existence of the policy. The most significant thing in connection with the issuance of this policy in the opinion of this court is that the witness Whitney who represented himself as being from one of the head offices of the defendant company, admitted on cross-examination that the policy even though allegedly not signed was in full force and effect after July 19th by virtue of the issuance of the policy by the agent of W. B. Gilbert Insurance Company, and that if it was not in effect as a policy then at least it was in effect as a binder. This admission on the part of one of the officers of defendant insurance company convinces this court that this policy was in existence and valid. The lady who issued the policy in the office of the agent W. B. Gilbert Insurance Company was emphatic that the policy was for cash and to be delivered on the next day. If the policy was not to go into effect until paid for, then why issue it at all and notify the company and be charged for the premium as well as notice to the State? If it was the intent not to issue the policy until the following day when and if the money was made available to pay for it, then why not wait until the money was forthcoming from the insured Boyd, then issue and deliver the policy to him at that time ? The facts here indicate that credit was extended to Boyd from the 19th to the 20th, and on the 20th when he did not show up the fact that this policy was not attempted to be cancelled until August 19th, is convincing proof that extended credit was granted for the pre-mimum on this policy. Because if that was not so, the policy could have been cancelled flat on the 21st, the day after Boyd failed to come in to pay the premium and pick up the policy. See Long v. Home Indemnity Co., La.App., 169 So. 154.
Accordingly, for these reasons, the judgment of the trial court will be reversed.
Accordingly, let there be judgment in favor of the plaintiff against the Employers Liability Assurance Corporation, Ltd., in the full sum of $414.30, and in favor of petitioner Larcee Lewis and against Employers Liability Assurance Corporation for the sum of $50, together with legal interest thereon, from date of judicial demand and all costs in both courts.
Reversed and rendered.