BAILES, Judge.
This is an appeal from the judgment of the trial court sustaining a motion for summary judgment. Plaintiff, Edward M. Hin-chen, filed this action in which Traders & General Insurance Company (Traders & General) and Louisiana & Arkansas Railway Company (L & A) were made defendants, together with others. Traders & General then filed third party pleadings making L & A a defendant, along with others. L & A filed a motion for summary judgment *116 seeking the dismissal of both the plaintiff’s demands and the third party plaintiff’s demands against it. The trial court granted the motion for summary judgment dismissing L & A as a party defendant in both actions.
By amended pleadings, the plaintiff named Texas & Pacific Railway Company (T & P) a party defendant in the main demand, and Traders & General also, by amended pleadings, made T & P a third party defendant in its third party action. T & P filed an exception of no cause of action to the plaintiff’s petition and to Traders & General’s third party petition. The trial court sustained the exception of no cause of action filed by T & P and dismissed the actions against it.
Only Traders & General has appealed from the judgments of the trial court.
This litigation arises out of an automobile accident which occurred about two miles north of New Roads, Pointe Coupee Parish, on Louisiana Highway No. 1 on the evening of December 1, 1964. Involved in the accident were two vehicles, one driven by plaintiff and the other driven by Harry H. Lackey, Jr., deceased, who at the time of the accident, was an employee of defendant, Traders & General. According to the plaintiff’s petition, as the Kinchen and Lackey vehicles were approaching each other, the Lackey automobile crossed' the centerline of the highway. In spite of Kinchen’s evasive action, the Lackey automobile struck the Kinchen vehicle.
In the vicinity of the accident, Louisiana Highway No. 1 runs generally north and south, and on either side sugar cane fields are located. Both to the north and to the south there are numerous small privately owned dirt roads that lead from the fields to the highway. Located near the scene of the accident on the west side of the highway is a cane loading facility. Also on the west side of the highway, the railroad tracks are located from one hundred to two hundred feet away and parallel to the highway. Near this cane loading facility is a spur track owned and used exclusively by T & P. The railroad tracks are owned by T & P, and L & A is permitted to use the mainline track jointly with T & P under a private agreement between the two companies.
As stated, supra, the motion for summary judgment filed by L & A was directed against both the petition of plaintiff and the third party petition of Traders & General. At this time we will consider the merits of the motion for summary judgment.
The plaintiff, in the main demand, and the third party plaintiff, Traders & General, made practically identical allegations of negligence on the part of L & A as the basis for a cause of action. In substance these allegations are: That the accident was caused by the negligence of L & A in placing, dumping or dropping dirt, mud, sugar cane stalks and other debris on Louisiana Highway No. 1 at the place where the accident occurred; that L & A was also guilty of negligence proximately causing and contributing to the accident in that it owned and maintained a right of way and railroad tracks in said right of way a short distance from Louisiana Highway No. 1 at or near the place of the accident; that said tracks and right of way were approximately parallel to Louisiana Highway No. 1, and also owned and maintained a road crossing across the right of way and tracks over which trucks traveled to haul cane; that L & A negligently maintained said right of way and said tracks and negligently allowed and permitted cane trucks loaded with cane to traverse said right of way and to enter the public highway where said L & A knew or should have known the passage of cane trucks would and did create a very dangerous and hazardous condition for vehicular traffic on said highway; that L & A was negligent in arranging for rolling stock owned and operated by it along its track to be loaded with cane at the time, on or immediately prior to the date of the accident, which, to the knowledge of L & A that vehicles transporting said cane would necessarily pass along the public highway *117 on Louisiana Highway No. 1 at or near where the accident occurred and would and did cause the deposit of mud, dirt, cane stalks and debris on and along the public highway, thus making same dangerously hazardous to vehicular traffic which condition caused or contributed to said accident; that L & A was negligent in that it knew or should have known that said highway was caused to be dangerously slippery when wet, and it was negligent in not properly signing the road to warn motorists traveling thereon of such condition; that it was negligent in failing to remove the mud, dirt, sugar cane stalks and other debris from the highway, and that L & A was otherwise negligent and careless in causing the accident. Appellant further contends and alleges that L & A negligently permitted potholes and ruts to exist at the crossing of the mainline tracks, thus creating a rough crossing. In the crossing of the cane trucks over such crossing, the loads of sugar cane thereon would be jostled, shakened and made unstable, thereby creating the likelihood of cane and other debris falling from the trucks and being deposited on the said highway.
In support of its motion for summary judgment, L & A filed affidavits of its claim representative, vice president, superintendent and division engineer. No counter affidavit was filed by appellant or the plaintiff. By these affidavits, L & A proved that it did not own the railroad tracks, did not own or operate the spur track nor any rolling equipment, did not service freight in this area, did not pickup or deliver any rolling equipment on the spur track, that it operated, supervised and maintained no loading hoists, that it has never had any ownership or control whatever over the use or maintenance of any of the private roads in the area, and that it had no right to advise, require or even to protest any usage of said roads, including the spillage of dirt, mud, sugar cane stalks or other debris, and that it had no control over the use of cane carts or the loading of freight cars.
Appellant concedes that in the absence of counter affidavits, the affidavits filed by L & A negate some of the contentions of appellant. The most serious argument of appellant, the basis of which it contends was not negated by the affidavits of L & A, is that of the obligation of L & A to maintain the mainline crossings. It argues that under the decision of the Supreme Court in Dixie Drive It Yourself System v. American Beverage Company (1962) 242 La. 471, 137 So.2d 298, which held that the violation by the defendant of a provision of the Highway Regulatory Act was negligence per se, this negligence is actionable if it was a legal cause of the collision, and it is clear that more than one legally responsible cause can, and frequently does, contribute to a vehicular collision.
By analogy to the Dixie Drive It Yourself System case, appellant argues that inasmuch as it was L & A’s obligation to maintain the mainline crossings, and whereas L & A permitted ruts and potholes to exist in the crossing, it violated LSA-R.S. 45:324 which places a burden on the railroad company to maintain such crossings; that L & A violated the statute; that the statute was designed, at least in part, to afford protection to the user of the highway and L & A violated this statutory duty. Appellant, accordingly, submits that whether or not this duty was breached, and if so if the breach was in fact a cause of the accident sued upon cannot be determined without a full hearing on the merits.
We find that it does not follow that the violation of this statutory duty to maintain the crossing, if we assume arguendo that L & A did not maintain a smooth crossing, would create a material issue of fact between L & A and appellant. This statute creates no duty on behalf of L & A to appellant under the facts of this case.
There are two cases in point. In Homeland Insurance Co. v. Thompson (La. App., 1943) 12 So.2d 62, this court, in dis *118 cussing the duty of the railroad under this statute (LSA-R.S. 45:324) stated:
“ * * * The duty to keep the crossing in repair is a continuing duty on the railroad to be discharged whenever the condition of the crossing is in need of repair in order for it to be safe and convenient to the traveling public. Darby v. New Orleans & M. R. R. Co., supra; 139 La. 213, 71 So. 490 Corpus Juris, Vol. 52, par. 1778, p. 182. Under this statute it is our understanding that it is not the duty of the railroad company to maintain its crossing safe and easy under all circumstances but that its duty is fulfilled if it maintains the crossing so as to permit safe and convenient passage over it by persons using reasonable care in the use thereof.”
This court also stated as follows in Dantone v. Standard Machine Co. (La.App., 1940) 195 So. 39, at page 40:
“ * * * Statutes, such as ours, requiring owners of railroads or spur tracks to maintain crossings in a safe condition, mean that these crossings are to be kept in a reasonably safe condition. It is not required that the surface of the road at the crossing be so smooth as to prevent any jar or jolt to a vehicle passing over it. Under such statutes a foolproof crossing is not expected or required.
“Under the statute, Act No. 157 of 1910, it is not the duty of the defendant to maintain this crossing safe and easy under all circumstances, but its duty is fulfilled if it maintains the crossing so as to permit safe and convenient passage over it by person using reasonable care in the use thereof. * *
We cannot pass this point without commenting that the duty created by this statute and imposed on the railroad is owed to the user of the crossing and not to some motorist on another highway who has no contact with the crossing in question.
The principles of law employed by the court in reaching the conclusion of liability in the Dixie Drive It Yourself System case has no application to the allegations of negligence which we have before us for consideration.
We reach the same conclusion as did the trial court that there exists no genuine issue as to a material fact. See LSA-C.C.P. Article 966 et seq., and Johnson v. Combined Insurance Co. of America (La.App., 1963) 158 So.2d 63, and Boothe v. Fidelity & Casualty Company of New York (La.App., 1964) 161 So.2d 293. The ruling of the trial court must be affirmed.
Passing now to our consideration of the exception of no cause of action filed by T & P, we find appellant is contending that Articles 6 and 35 of its supplemental and amended third party demand states a cause of action against T & P.
As stated in appellant’s brief, Article 6 of its supplemental and amended third party petition states, that among other things T & P has the duty to maintain certain railroad crossings, that the crossings were not properly maintained as a result of trucks traversing the crossings, debris, dirt and cane stalks were spilled on the highway, and further appellant quotes as the pertinent part of Article 35, the following:
“Said crossing was negligently maintained as above set out in the supplemental and amending third party petition, and said Louisiana and Arkansas Railway Company and Texas and Pacific Railway Company, and each and both of them, through their agents and servants and employees, negligently maintained said right of way and said crossings and said mainline tracks where the crossing existed, and negligently allowed and permitted cane trucks loaded with cane to traverse this hazardous crossing and enter upon the public highway where both of said defendants knew or should have known that the passage of said cane trucks would indeed create a very dan *119 gerous and hazardous condition on said highway for vehicular traffic, all as above described.”
Aside from the fact that we find the articles of the third party petition upon which appellant relies for stating a cause of action against T & P, to contain by and large nothing more than legal conclusions of the pleader, we find also that if all of the allegations of the petition were proved, or accepted as statements of fact, the exception of no cause of action must be sustained and the judgment of the trial court affirmed.
Traders has alleged that T & P owned the mainline and spur tracks near the scene of the accident and had the non-delegable duty of seeing that the mainline tracks and crossings were properly maintained. Furthermore their supplemental petition asserts that the T & P knew or should have known that the spur tracks and road crossings were used by trucks hauling cane on Louisiana State Highway No. 1 and that the T & P was negligent in failing to maintain these crossings and roads in such a way that the cane stalks and debris would not spill onto the public highway. It has alleged that the T & P was negligent in loading or permitting sugar cane to be loaded from its rolling stock onto cane trucks to be hauled down the highway. Traders asserts that the T & P was negligent in failing to supply adequate signs to warn the public using Louisiana State Highway No. 1 of the dangerous condition of the highway.
In accordance with the jurisprudence of this state, all of the foregoing allegations must be considered to be true when determining the outcome of an exception of no cause of action. However, it can readily be seen that even if these allegations are taken as true, they fail to state a cause of action against the Texas & Pacific Railway Co., Inc. The railway has no duty to the public using the public highway other than that of keeping its crossings in repair so as to be safe and convenient for the traveling public. This duty of maintenance extends no further than the right of way of the railroad. See LSA-R.S. 45:324, Bahry v. Illinois Central Railway Co., (La.App., 1943) 13 So.2d 78, Homeland Insurance Company v. Thompson, supra, Wallace v. Louisiana & Arkansas Railway Co. (La.App., 1941) 6 So.2d 63, and Dantone v. Standard Machine Co., supra. Nowhere is it alleged that the railroad has breached a duty which it owes to the traveling public and thereby caused the accident which resulted.
For the foregoing reasons, the judgment appealed from is affirmed, at appellant’s cost.
Affirmed.
LANDRY, J., recused.