201 So.2d 115 (1967)
Jean PETTITTE, widow of Norman BORNE et al.
v.
James Doyle DILLON.
No. 2637.
Court of Appeal of Louisiana, Fourth Circuit.
July 5, 1967.
*116 Tucker & Schonekas, Russell J. Schonekas, New Orleans, for Jean Pettitte, widow of Norman Borne, plaintiff-appellee.
Porteous & Johnson, New Orleans, Stephen T. Victory, Shreveport, for State Farm Mutual Automobile Insurance Co., defendant-appellant.
Hammett, Leake & Hammett, Robert E. Leake, Jr., New Orleans, for American Employers' Insurance Co., intervenor.
Oliver S. Delery, New Orleans, for James Doyle Dillon, defendant-appellee.
Curtis, Foster & Dillon, Francis J. Mooney, Jr., New Orleans, amicus curiae.
Before McBRIDE, REGAN and SAMUEL, JJ.
SAMUEL, Judge.
On August 12, 1959 Norman Borne was killed in an automobile accident when the vehicle in which he was riding as a guest passenger was struck by a car owned and driven by James Doyle Dillon. Mrs. Jean Pettitte, widow of Norman Borne, individually and as natural tutrix of their three minor children, filed this suit against Dillon and later, by supplemental and amended petition, joined State Farm Mutual Automobile Insurance Company as a defendant, alleging State Farm was the liability insurer of Dillon at the time of the accident. Answers were filed by Dillon and State Farm. Both denied negligence on the part of Dillon; State Farm's answer also denied it was Dillon's liability insurer on the date the accident occurred. A petition of intervention was filed by American Employers' Insurance Company, workmen's compensation insurer of Borne's employer, seeking to recover $7,500, the amount of compensation intervenor allegedly had paid under the Louisiana Workmen's Compensation Act as a result of Borne's death.
Following trial on the merits judgment was rendered in favor of plaintiff, Mrs. Borne, individually and as natural tutrix, and against the defendants, Dillon and State Farm, jointly, in the sum of $65,000, with judgment against State Farm limited to the sum of $10,000, the limits as found by the trial judge of a liability policy State Farm had issued to Dillon in March, 1957. Judgment also was rendered in favor of the intervenor in the sum of $7,500 in accordance with the provisions of LSA-R.S. 23:1103. State Farm has appealed.
In this court appellant contends: (1) there can be no liability on its part because it was not Dillon's insurer on the date of the accident; and, alternatively, (2) the limits of the policy which the trial court found afforded coverage to Dillon was *117 $5,000 and not $10,000 as awarded by the judgment.
A discussion of appellant's second contention is unnecessary. All parties agree that contention is correct; if there was insurance coverage at the time of the accident it was limited by a policy endorsement to $5,000 for bodily injury to each person. Therefore, State Farm's liability, if any, is $5,000.
The record before us is incomplete for various reasons, including the length of time involved in bringing the case to a conclusion in the trial court, the loss of some testimony by the court reporter, and the deaths of both the trial judge and the trial attorney for State Farm. The only evidence contained in the record before us consists of various exhibits and the testimony of Clement Vaughn, Louisiana and Mississippi Division Manager of State Farm. However, as completion of the record appears to be impossible, all parties have agreed we should decide the case on the record as it now stands and they have requested us to do so.
The evidence reveals that State Farm Policy No. 112 086 C18 18, which is in evidence, was issued to Dillon on April 12, 1957 for a term from March 18, 1957 to September 18, 1957 "and for such terms of six calendar months each thereafter as the required renewal premium is paid by the insured on or before expiration of the current term." A policy condition permits cancellation by either the insured or the company on written notice.
The initial premium was paid in advance of March 18, 1957. Subsequent premium payments due every six months on September 18, 1957, March 18, 1958 and September 18, 1958 were made by Dillon, each three days late on the 21st of the month in which they became due, thus renewing the policy according to its terms to March 18, 1959. No other payment was made by Dillon until September, 1959. On September 21, 1959 Dillon's wife sent State Farm a check in the amount of the premium. Written on the face of the check was "Policy #112 086 C-18-18". State Farm accepted and cashed the check. At that time State Farm did not know that on August 12, 1959 Dillon had been involved in the accident which resulted in Borne's death.
Vaughn testified: Unlike the more usual automobile liability policy issued for a term of one year at the end of which time a new policy is written, State Farm customarily issues, and did issue in the instant case, only the one policy for a term of six months. The policy is retained by the insured and is effective as long as the required renewal premium is timely paid. Premium notices regularly are mailed to the policy holder one month in advance of the date the premium is due and the insured is given a grace period of 10 days to make payment. If the premium is not paid on its due date a notice of expiration is mailed to the policy holder. If the premium is received by State Farm within 10 days of its due date the policy is automatically reinstated so as to provide continuous protection. Vaughn had no independent recollection of the mailing of any notices to Dillon. But according to office memos, premium and expiration notices were mailed by the company to Dillon in accordance with the company's usual custom and at the usual time. When the September 21, 1959 check was received from Mrs. Dillon, it was treated as a new application for insurance and Dillon's previous policy number was used for identification as was customary when a customer who has had previous coverage applies for a new policy. A notice dated September 23, 1959 was mailed to Dillon informing him his request for reinstatement of automobile insurance had been received and referred to a local agent for immediate attention. A local agent then was sent to investigate the risk and to get a new application signed, with coverage being provided from the date of the receipt of the check under a new policy number. The local agent found Dillon incarcerated on a manslaughter charge, learned of the accident in which Borne had *118 been killed and another person hospitalized, and suggested the risk be declined. The company did this by letter addressed to Dillon under date of October 22, 1959, informing him his application had been declined and the insurance under that application was cancelled as of November 4, 1959. Dillon was charged for coverage from the date of the September 21, 1959 check to the date of cancellation and the balance of the premium was refunded.
The record does contain various exhibits offered by State Farm, particularly the notice dated September 23, 1959 addressed to Dillon and informing him that his request for reinstatement of insurance had been received and referred to State Farm's agent who would arrange to have a local representative give the request immediate attention. The record does not contain any evidence of the mailing of any correspondence by State Farm to Dillon other than the testimony of Vaughn who, as we have said, had no independent recollection thereof and testified only from office memos.
Appellees contend: (1) There was coverage in the instant case because the policy issued to Dillon was a continuing one and remained in force, even in the absence of any payment by the insured, unless and until cancellation had been effected as required by LSA-R.S. 22:636, which provides the manner in which cancellation may be effected, citing Alexander v. State Farm Mutual Automobile Ins. Co., La.App., 148 So.2d 898, American Union Ins. Co. v. Employer's Liab. Assur. Corp., La.App., 119 So.2d 573, and Paz v. Implement Dealers Mutual Insurance Company, La.App., 89 So.2d 514; and (2) acceptance by State Farm of the Dillon check dated September 21, 1959, which on its face referred to the original policy, constituted a continuance of that policy. Appellant contends cancellation of the original policy issued to Dillon was unnecessary because, in accordance with the provisions contained in that policy, it came to an end and was no longer in effect after March 18, 1959 by reason of nonpayment of the renewal premium which was due on that date. We agree with appellant's contention.
In the absence of a statutory provision or other law to the contrary, insurance companies as well as individuals have the right to impose whatever conditions they please upon their obligations, provided such conditions are not inconsistent with public policy; the courts have no right to add anything or take anything away from such contracts. Sholes v. Continental Casualty Co., La.App., 196 So.2d 680; LaBove v. American Employers Insurance Co., La.App., 189 So.2d 315; Hendricks v. American Employers Insurance Co., La. App., 176 So.2d 827; Spencer v. Traders & General Insurance Company, La.App., 171 So.2d 723; Keenan v. Wactor, La.App., 130 So.2d 800; Hardee v. Southern Farm Bureau Casualty Ins. Co., La.App., 127 So.2d 220; Green v. National Bellas Hess Life Insurance Co., La.App., 124 So.2d 397; Carruth v. State Farm Mut. Automobile Ins. Co., La.App., 113 So.2d 56.
A valid insurance policy is a contract between the insured and the insurer; under LSA-C.C. Art. 1901, as is true of all other contracts, it is the law between the parties; the rules for its interpretation are the same as those for other contracts generally; and under LSA-C.C. Art. 1945 courts must give legal effect to all valid contracts "according to the true intent of all the parties" which intent is to be determined by the words of the contract when the same are clear and explicit and lead to no absurd consequences. Hemel v. State Farm Mut. Auto. Ins. Co., 211 La. 95, 29 So.2d 483; Edwards v. Life & Casualty Ins. Co., 210 La. 1024, 29 So.2d 50; Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075; Sholes v. Continental Casualty Co., supra.
In addition, our Insurance Code, particularly LSA-R.S. 22:620, provides inter alia:
"Any insurer may insert in its policies any provisions or conditions required by *119 its plan of insurance or method of operation which are not prohibited by the provisions of this Code."
There is no suggestion here that the insurance contract is against public policy and we have been referred to no law, statutory or otherwise, nor do we know of any, prohibiting the same. Alexander v. State Farm Mutual Automobile Ins. Co., supra, is similar in some factual respects and the same insurance company was involved. But in Alexander the question before us was not at issue and was not passed on by the court; nor was that question involved in the two other cases cited by appellees.
In accordance with the wording of the contract in the instant case, which wording we find is clear and explicit and leads to no absurd consequences, we hold the policy issued to Dillon expired at the end of its six month term on March 18, 1959 when the required renewal premium was not paid and the policy was not in effect when the accident occurred on August 12, 1959, almost five months after such expiration. The policy having expired, cancellation was unnecessary and LSA-R.S. 22:636 is inapplicable. Whether or not such an insurance policy is in the best public interest is a question which addresses itself to the proper legislative body and not to the courts.
We also conclude appellees' second contention, that acceptance by State Farm of the Dillon check dated September 21, 1959 constituted a continuance of the policy, is without merit. The only evidence before us (other than the original policy number written on the face of the check), the testimony of Vaughn and the copy of the September 23, 1959 notice to Dillon (dated just two days after the date of the September 21, 1959 check), is to the effect that the check was accepted only in connection with insurance from the date of the check. We cannot hold the acceptance of the check resulted in insurance coverage of an accident which had occurred more than a month prior to that acceptance and almost five months after the original policy had expired, especially in view of the fact that the insurer had no knowledge of the occurrence of the accident.
For the reasons assigned, that portion of the judgment herein appealed from is reversed and it is now ordered that there be judgment in favor of defendant, State Farm Mutual Automobile Insurance Company, and against plaintiff, Jean Pettitte, widow of Norman Borne, individually and as natural tutrix of the minors, Louis Borne, Deborah Borne and David Borne, and intervenor, American Employers' Insurance Company, dismissing the demands of plaintiff and intervenor against State Farm Mutual Automobile Insurance Company; costs of this appeal to be paid by said appellees.
Reversed.