SAMUEL, Judge.
Plaintiff filed this suit against Albert Borne and Employers Liability Assurance Corporation, Ltd. seeking a judgment against those defendants, in solido, for personal injuries sustained by him in an accident. The claim against Employers is based on a liability policy issued by that defendant to T. Smith & Son, Inc., employer of both plaintiff and the other defendant, Borne. Employers filed a motion for summary judgment contending the policy did not provide coverage for the accident in suit. After a hearing there was judgment granting the motion and dismissing plaintiff’s suit as to Employers. Plaintiff has appealed therefrom. Borne was not involved in the motion and is not involved in the appeal; the suit against him remains in the district court pending trial.
Employers attached affidavits and a copy of the policy to their motion and plaintiff also filed an affidavit. We are satisfied that the motion is proper under LSA-C.C.P. Art. 966; the petition, the affidavits and the copy of the policy show there is no genuine issue as to material fact. As thus established the material facts are:
The injuries for which plaintiff seeks recovery were' sustained while he, a longshoreman, and the defendant Borne, the operator of a forklift truck, were in the employ of T. Smith & Son, Inc., a stevedoring firm, working in the same work “gang” under the same foreman. The petition alleges, and for the purposes of this summary judgment we accept as a fact, that the forklift truck ran into and severely injured plaintiff as a result of Borne’s negligent operation of that vehicle. The liability insurance policy issued by Employers to T. Smith & Son, Inc. covered as an insured any executive officer, director or stockholder of Smith while acting within the scope of his duties as such and, by endorsement, also covered as an insured: “ * * * any managing employee of the Named Insured [T. Smith & Son, Inc.] while acting within the scope of his duties as such.” The policy specifically excludes from coverage “ * * * any obligation for which the insured or any carrier as his insurer may be held liable under any workmen’s compensation, * * * ” Plaintiff was covered by the Louisiana Workmen’s Compensation Act; at the time of the hearing of the motion for summary judgment he was in fact receiving benefits under that act for the injuries and resulting disability sustained by him in the accident.
Plaintiff contends the policy covers the negligence of Borne because he was an additional insured under the endorsement quoted above. Employers contends the endorsement does not include Borne as an additional insured and, alternatively, under the quoted exclusion relative to workmen’s compensation, the policy does not apply. We are of the opinion that Borne was not an additional insured and therefore find it unnecessary to consider appellee’s alternative contention.
The question presented is whether Borne was a “managing employee” within the meaning of those words as used in the policy endorsement. Plaintiff argues Borne was such a “managing employee” solely because he managed and controlled a, forklift truck in the performance of his work. The argument is without merit.
An insurance policy is a contract and the rules established for the construction of written instruments apply to contracts of insurance; like other contracts, a policy of insurance is the law between the parties thereto and the court is bound to give legal effect to the same according to the true intent of the parties; the words used in such a contract are to be understood in their common and usual signification without attending so much to grammatical rules as to general and popular use; and, while ambiguities in the provisions of an insurance policy are to be construed in favor of the insured and against the insurer, if the intent of the policy is clearly evi *269 denced by the terms of the contract, the policy must be given a reasonable interpretation with relation to such intent. LSA-C.C. Arts. 1945(2) and 1946; Harmon v. Lumbermens Mutual Casualty Company, 247 La. 263, 278, 170 So.2d 646, 651; Hemel v. State Farm Mutual Automobile Insurance Company, 211 La. 95, 29 So.2d 483; Edwards v. Life & Casualty Ins. Co. of Tennessee, 210 La. 1024, 29 So.2d 50; Muse v. Metropolitan Life Ins. Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075; Borne v. Dillon, La.App., 201 So.2d 115; Sholes v. Continental Casualty Co., La.App., 196 So.2d 680; LaBove v. American Employers Insurance Co., La.App., 189 So.2d 315; Hendricks v. American Employers Insurance Co., La.App., 176 So.2d 827; Spencer v. Traders & General Insurance Company, La.App., 171 So.2d 723; Keenan v. Wactor, La.App., 130 So.2d 800; Hardee v. Southern Farm Bureau Casualty Ins. Co., La.App., 127 So.2d 220; Green v. National Bellas Hess Life Insurance Co., La.App., 124 So.2d 397; Carruth v. State Farm Mut. Automobile Ins. Co., La.App., 113 So.2d 56.
To hold that Borne was a “managing employee” within the meaning of those words as used in the endorsement would require a strained and unreasonable interpretation contrary to a clear intent of the policy. That intent is to limit coverage to a particular class of employees, those described as “managing” employees. If we were to hold that Borne was a “managing employee” simply because he operated, and therefore managed, a forklift truck, there would be no such coverage limitation at all; every employee of the named insured would be an additional insured. For it could just as reasonably be said that an employee who used a wheelbarrow, a hook, a broom, a mop, or any other instrumentality of any kind would be a “managing employee” because he managed and controlled that instrumentality. And it also could be said that any longshoreman, as plaintiff himself, was a “managing employee” because in his work he handled and moved boxes, bales or other objects and therefore managed and controlled those boxes, bales or other objects.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.