ELLIS, Judge.
This is a suit for benefits allegedly due under certain hospitalization policies issued to plaintiffs by defendant insurance company. Mrs. Nancy D. Sibley was injured in an accident on November 20, 1965, and incurred certain medical expenses, which, it is claimed, are covered by the policies. Defendant’s answer alleges that the policies lapsed because of non-payment on July 26, 1965, and were effectively reinstated November 22, 1965, two days after the accident. After trial on the merits judgment was rendered in favor of plaintiff and against defendants. From that judgment, defendant has prosecuted this suspensive appeal.
The factual situation is largely undisputed. Mr. and Mrs. Sibley had had a policy with the defendant company for a number of years, which was allowed to lapse as of July 26, 1965. Nothing further took place until September 25, 1965, when the Sibleys wrote a check to defendant for $18.37 with the following notation, in the lower left hand corner:
“To reinstate hospital insurance — put back in force”
On receipt of that check, defendant wrote a letter to plaintiff under date of October 11, 1965. They agreed to reinstate the policy provided plaintiff sent them $18.37 in addition to the check already sent; that they sign a waiver to exclude from the policy coverage for certain conditions which might be incurred by their daughter; and that they execute an application for reinstatement. Apparently Mr. and Mrs. Sibley took no action after receiving this letter. On October 29, because he had become aware that the policy had lapsed, Mr. William D. Brumfield, an agent for defendant, called on them, sold them some additional coverage and collected enough money to complete the reinstatement of the policy, and pay the premium for the additional coverage. He forwarded this amount together with the application and some other documents to the company, *61 which received them on November 3, 1965. On finding that they had never received the exclusionary waiver which had been at the bottom of the October 11 letter, they advised Mr. Brumfield on November 8, 1965, and requested that he have it signed. Mr. Brumfield went out to see the Sibleys again, on November 13, and had Mr. Sibley sign the necessary waiver. This was then forwarded to the home office where it was received on November 18, 1965. It was sent on to the underwriting department on November 19, 1965, which was a Friday. On the following Monday, the 22nd, the policy was reinstated. However, in the meanwhile, Mrs. Sibley had been injured in the accident.
The policy contained the following condition in its section under reinstatement:
“REINSTATEMENT: If any renewal premium be not paid within the time granted the Insured for payment, a subsequent acceptance of premium by the Company or by any agent duly authorized by the Company to accept such premium, without requiring in connection therewith an application for reinstatement, shall reinstate the policy; provided, however, that if the Company or such agent requires an application for reinstatement and issues a conditional receipt for the premium tendered, the policy will be reinstated upon approval of such application by the Company * *
Appellants further point out the following language contained in the application for reinstatement, which was signed by Mr. Sibley on October 29, 1965:
“I further agree for myself, and depend-ants, if any, that such reinstatement shall be effective at 12 o’clock noon on the day and the date this application is approved by the Company in its Home Office in Chicago, Illinois, subject to the following condition * *
In effect, the defendants argue that the trial court erred in failing to recognize the above provision of the policy and the condition contained in the application for reinstatement.
Plaintiff takes the position that the letter of October 11 was an offer to reinstate the policy, which was accepted by them when they complied with the requirements of the letter. They claim that the last requirement was met on November 13, 1965, and that the policy was reinstated at that time.
Under our law, the courts must give effect to the provisions of a valid insurance contract which are otherwise not prohibited by law. Where such provisions are clear and unambiguous, they must be found to represent the true intent of the parties to the contract. Civil Code, Articles 1901 and 1945; Borne v. Dillon, 201 So.2d 115 (La.App., 4 Cir. 1967).
In this case, the policy sets forth the requirements for reinstatement, and the provision that the application must be approved in the home office is clear and explicit. The letter of October 11 does not have the effect of making a different contract between the parties, particularly since it required an application for reinstatement, which reiterates the necessity for approval at the home office. There is nothing in the record to indicate that the reinstatement procedure was not carried out expeditiously by the company.
We find that the policy was not in effect on November 20, 1965, when Mrs. Sibley was injured, and that she is entitled to no benefits thereunder.
The judgment appealed from is reversed, and there will be judgment in favor of defendant and against plaintiff, dismissing plaintiffs’ suit, with all costs, in this court and the court below, to be paid by the plaintiffs.
Reversed and rendered.