216 So.2d 333 (1968)
Mrs. John TANKERSLEY
v.
INSURANCE COMPANY OF NORTH AMERICA et al.
No. 3180.
Court of Appeal of Louisiana, Fourth Circuit.
December 2, 1968.
*334 Edward H. Booker, New Orleans, for plaintiff-appellant.
Dermot S. McGlinchey, of Deutsch, Kerrigan & Stiles, New Orleans, for defendant-appellee.
Before YARRUT, BARNETTE and JOHNSON, JJ.
JOHNSON, Judge.
Plaintiff brought this tort action against the Maison Hospitaliere and its liability insurance carrier, the Insurance Company of North America, for damages for the wrongful death of her mother. The defendant insurance company filed a motion for summary judgment. The trial court maintained the motion and dismissed plaintiff's suit as to the insurance company. The plaintiff has appealed.
Petitioner's allegations disclose that the hospital serves as a home for elderly ladies. The hospital section is equipped with hospital beds, medical and surgical equipment and employs nurses and doctors. Plaintiff's mother, Mrs. Elizabeth Whittington, resided at the home as a patient from June 13 to October 10, 1966. Three nurses were in attendance on October 10, 1966, and at all times they were the agents and servants of the home acting within the course of their employment. It is further alleged that in the afternoon of October 10, 1966, Mrs. Whittington's condition grew worse and the nurses were notified and requested to summons the patient's physician, but the nurses took no steps either to observe the patient or to call the doctor. Later someone must have called the doctor because he came about 9:45 p. m., and moved Mrs. Whittington to Touro Infirmary, where she died about 1:00 o'clock that night.
Plaintiff alleges that the sole proximate cause of her mother's death was the negligence of the said nurses in failing to take notice of the patient's condition after having been notified of it and in failing to summons the patient's physician.
After the petition was filed the defendant, Insurance Company of North America, filed a motion for summary judgment, the allegations of which read as follows:
"On authority of Article 966 of the Louisiana Code of Civil Procedure, defendant, Insurance Company of North America, moves the court for a summary judgment or in the alternative excepts to plaintiff's petition for failure to state a cause of action against said defendant in that defendant's policy of insurance affords no coverage for the demand asserted by plaintiff. Mover attaches hereto and makes part hereof as though fully set forth in its entirety herein its policy of insurance which is marked for identification Insurance Company of North America Exhibit `1'."
The insurance policy attached to the motion for summary judgment and filed in the record appears to be a public liability coverage. Attached to and forming part of the policy contract is an endorsement entitled: "EXCLUSION OF MALPRACTICE AND PROFESSIONAL SERVICES," which endorsement reads as follows:
"It is agreed that as respects any classification stated below or designated in *335 the policy as subject to this endorsement, the policy does not apply to injury, sickness, disease, death or destruction due to
"1. the rendering of or failure to render
(a) medical, surgical, dental, x-ray or nursing service or treatment, or the furnishing of food or beverages in connection therewith;
(b) any service or treatment conducive to health or of a professional nature; or
(c) any cosmetic or tonsorial service or treatment;
"2. the furnishing or dispensing of drugs or medical, dental, or surgical supplies or appliances; or
"3. the handling of or performing of autopsies on dead bodies."
The motion for summary judgment is on the authority of article 966 C.C.P. While the motion is not supported by a formal affidavit it is supported by attaching to it the original insurance policy which is tantamount to a supporting affidavit.
Article 967 of C.C.P. provides in part as follows:

* * * * * *
"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him."
The adverse party, the plaintiff, rested her case on the mere allegations of her petition without any response by affidavit or otherwise to show that there is a genuine issue for trial. Therefore, according to article 967 of C.C.P., judgment "shall be rendered against" the plaintiff.
However, counsel argues that plaintiff's claim is based on common negligence of the nurses and that this not a professional malpractice action against the hospital. The burden of proof that the exclusion endorsement is applicable is on defendant who filed the motion for summary judgment. The act complained of in plaintiff's petition is the failure of the nurses to observe the worsened condition of the patient and the failure to call the doctor after being notified of the patient's condition and after being requested to call the doctor. We accept the policy attached to the motion as proof of the provisions of the exclusion. The question then arises: Does the action or the failure to act on the part of the nurses make applicable the exclusion provided in the insurance policy?
In order to determine the applicability of the endorsement of this policy it is appropriate to look to the nature of the service which plaintiff here complains was not performed. We find no Louisiana decisions squarely on the subject and can only cite the case of Volk v. City of New York, 259 App.Div. 247, 19 N.Y.S.2d 53, 60, where it was held that, as respects the liability of a public hospital for the negligence of nurses, nurses are classed as professional persons employed to exercise their calling on their own responsibility, and that nurses are grouped with physicians and surgeons and not with chambermaids and cooks. We have not read that decision but the citation is in accord with our view that if these nurses in this case determined not to call the physician they acted in their professional capacity and on their own responsibility as employees of the defendant hospital. We do not consider the mere act of using the telephone to call the doctor as determinative of the issue, because using the telephone is only a manual and mechanical operation. We must assume that the nurses exercised their expert judgment in deciding whether or not to make the call. That decision on the part of the nurses was *336 the failure to render a nursing service and falls squarely within the provisions of the exclusion of the insurance policy in this case.
While not in point as to the facts, Judge Samuel in the case of Scallion v. Borne, La.App., 207 So.2d 267, and Judge Hall in the case of D'Antoni v. Sara Mayo Hospital, La.App., 144 So.2d 643, discussed motions for summary judgments which discussions are somewhat pertinent to this case.
For these reasons the judgment appealed from is affirmed with costs to be paid by plaintiff-appellant.
Affirmed.