GARDINER, Judge:
Plaintiff brought this suit on an open account against defendant for the recovery of $1,480.90, representing the balance due thereon. The defendant filed an answer generally denying the allegations of plaintiff’s petition. The trial court maintained plaintiff’s motion- for summary judgment. Defendant has appealed.
Plaintiff’s allegations and the verified invoices attached to the petition show that defendant purchased from plaintiff certain merchandise on various dates amounting to a total of $2,985.90 and that defendant paid $1,500.00 plus a credit of $5.00 on the account, leaving a balance owing plaintiff of $1,480.90. After defendant answered denying the allegations, plaintiff filed a motion for summary judgment, averring that “plaintiff is entitled to a summary judgment granting the relief prayed for in its original petition on the grounds that the pleadings and documents filed herein, and the sworn affidavit of S. R. Honeycutt, Credit Manager of plaintiff company, annexed hereto, marked Exhibit ‘A’ for identification, show that there is no real or genuine issue as to any material fact.”
The affidavit of the credit manager of plaintiff company in support of and the motion for summary judgment filed by plaintiff were served on defendant at Port Sulphur, Louisiana, through its counsel at that time. The lower court ordered defendant to show cause on June 10, 1968, why summary judgment should not be rendered in favor of plaintiff, granting the relief prayed for in plaintiff’s petition. Defendant filed no opposition or counter affidavit and on the day set for the hearing of *673 the rule nisi, at which trial defendant was unrepresented by counsel, the trial court rendered judgment on the evidence in the record in favor of plaintiff and against defendant in the sum of $1,480.90, with interest from judicial demand and all costs.
Defendant’s original counsel having withdrawn from the case, present counsel, employed after judgment was rendered, sought a new trial which was denied and this appeal from the final judgment followed.
In his brief and argument before this court counsel for defendant insists that the district court erred in rendering judgment solely on the affidavit of plaintiff’s credit manager, which affidavit he states was not made on personal knowledge as required by LSA-C.C.P. art. 967.
The formal affidavit in question shows that the affiant is the credit manager of plaintiff company and is familiar with the account of defendant. This certainly means that he has “personal knowledge” of the fact that defendant owes plaintiff a balance of $1,480.90. The truth of the facts contained in this affidavit are stated by the credit manager to be as follows:
“That he is Credit Manager, Southern Division of SIMMONS COMPANY plaintiff herein.
“That he is familiar with the account of defendant herein, and that the balance presently due and owing thereon is in the amount of $1,480.90.
“Affiant further states that the amount sued upon herein represents the balance due and owing on account of the purchase price of merchandise sold and delivered to the defendant on open account, and that there is no dispute whatsoever regarding the quantity or quality or the delivery and receipt of the goods sold and delivered to defendant.
“That the defendant has repeatedly acknowledged the correctness of the amount claimed and has promised its payment, but that despite this there is still due and owing as of this date the amount sued upon.”
As we have stated no counter affidavit was filed by defendant. By this affidavit of the credit manager plaintiff proved that defendant owes it $1,480.90 for merchandise sold and delivered to defendant on an open account, and that there is no dispute as to the quantity or quality of the merchandise which was received by defendant.
The provisions of LSA-C.C.P. art. 966, as amended in 1966, authorizes plaintiff’s motion for a summary judgment and the record discloses that plaintiff complied with those provisions.
In the recent case of Tankersley v. Insurance Company of North America, La. App., 216 So.2d 333, where the defendant filed a motion for summary judgment, the adverse party — the plaintiff — rested her case on the mere allegations of her petition without any response by affidavit or otherwise to show that there was a genuine issue for trial. This court held that under the requirements of the second paragraph of LSA-C.C.P. art. 967 judgment “shall be rendered against” the adverse party.
In our opinion plaintiff produced sufficient proof of the facts upon which its motion for summary judgment is based. Defendant having failed to make any response to the said motion by affidavit or other receivable evidence, we reach the same conclusion as did the trial court that there exists no genuine issue as to the facts proved. See Pickney v. Sandoz, La.App., 200 So.2d 787; Boothe v. Fidelity & Casualty Company of New York, La.App., 161 So.2d 293; Johnson v. Combined Insurance Company of America, La.App., 158 So.2d 63. See, also, Kinchen v. Traders & General Insurance Company, La.App., 198 So. 2d 114.
The trial court properly maintained the motion for summary judgment and therefore the judgment appealed from is affirmed.
Affirmed.