171 So.2d 723 (1965)
Bessie SPENCER, Plaintiff and Appellant,
v.
TRADERS & GENERAL INSURANCE COMPANY et al., Defendants and Appellees.
No. 1343.
Court of Appeal of Louisiana. Third Circuit.
February 10, 1965.
Rehearing Denied March 3, 1965.
Writ Refused April 15, 1965.
*724 Francis E. Mire, Lake Charles, for plaintiff-appellant.
Hall, Raggio & Farrar, by J. L. Cox, Jr., Earl E. Veron, Lake Charles, for defendants-appellees.
Before FRUGE, SAVOY and HOOD, JJ.
HOOD, Judge.
Plaintiff in this suit, Bessie Spencer, claims damages for personal injuries alleged to have been sustained by her as the result of a motor vehicle collision. The suit was instituted against Elijah J. Jordan, the owner and driver of one of the vehicles involved in the accident, and against Traders & General Insurance Company. Jordan filed an answer, and the suit remains pending as to him. On motion of Traders & General, however, a summary judgment was rendered by the trial court dismissing the suit as to that defendant. Plaintiff has appealed from that judgment of dismissal.
A companion suit for damages arising out of the same accident was instituted against the same defendants by Leon Rhodes, the owner and driver of the other car involved in the collision. In that suit, as in the one, a summary judgment was rendered by the trial court dismissing the suit as to Traders & General. Plaintiff Rhodes has appealed from that judgment. Both of these companion suits have been consolidated for trial and appeal, and we are deciding both cases on this date. See Rhodes v. Traders & General Insurance Company et al., 171 So.2d 727.
The undisputed facts are that on April 2, 1964, while plaintiff was riding as a guest passenger in a Ford automobile which was owned and was being driven by Leon Rhodes, a collision occurred between the Rhodes car and an automobile which was owned and was being driven by the defendant, Elijah J. Jordan. There was no insurance in effect covering either the Rhodes car or the Jordan automobile at the time this accident occurred.
At the time of the accident, Leon Rhodes was living with his sister, Amelia Brown, in Lake Charles, both Rhodes and his sister being residents of the same household. As has already been mentioned, Rhodes owned a Ford automobile which was not insured. His sister, Amelia Brown, owned a Buick automobile which was insured under a "family automobile policy" issued by defendant, Traders & General, naming Amelia Brown as the insured and describing the Buick automobile owned by her as the "owned automobile" insured under the policy.
In Part IV of the policy which was issued by Traders & General to Amelia Brown, the insurer obligates itself to provide insurance protection which is described in the contract as "family protection coverage," and which includes what is commonly *725 referred to as "uninsured motorist" coverage. Under this portion of the policy, the insurer, subject to the conditions and limitations therein set out, obligates itself:
"To pay all sums which the insured * * * shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * resulting therefrom * * * sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; * * *."
Plaintiff alleges that she sustained injuries as a result of this collision and that the accident was caused solely by the negligence of Jordan. Although she was riding in the Rhodes car, she contends that at the time the accident occurred she was an "insured" under the policy issued by Traders & General to Amelia Brown, and that since the Jordan automobile was uninsured she is entitled to recover against Traders & General under the "uninsured motorist" coverage provided by that policy. The defendant insurer resists payment on the ground that plaintiff was not an "insured" and that even if she was her claim is excluded from coverage by the provisions of the insurance contract.
We find it unnecessary to consider the question of whether plaintiff was an "insured" under Part IV of the policy, because we have concluded that in any event her claim is excluded from coverage by other provisions of the insurance contract.
In Part IV, under the heading of "Exclusions," the policy provides:
"EXCLUSIONS This policy does not apply under Part IV:
"(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile;
"(b) * * *;
"(c) * * *." (emphasis added)
In this case plaintiff was occupying an automobile owned by a relative (a brother) of the named insured. Under the above quoted provisions of the policy, therefore, her claim is excluded from coverage, unless the automobile in which she was riding was an "insured automobile."
An "insured automobile" is defined in Part IV of the policy as follows:

"`insured automobile' means:
"(a) * * *,
"(b) * * *,
"(c) a temporary substitute automobile for an insured automobile as defined in (a) or (b) above, and
"(d) a non-owned automobile while being operated by the named insured; and the term `insured automobile' includes a trailer while being used with an automobile described in (a), (b), (c) or (d) above, but shall not include:

"(1) any automobile or trailer owner by a resident of the same household as the named insured,

"(2) * * *,
"(3) * * *." (emphasis added)
Plaintiff contends that the Rhodes car, the one in which she was riding at the time of the accident, was a "temporary substitute automobile" for the one which is described in the policy as the "owned automobile." She asserts that the Buick automobile owned by the named insured, Amelia Brown, had been withdrawn from normal use because of its breakdown or repair, and that at the time of the accident the Rhodes vehicle was being temporarily used as a substitute for it. There is a genuine issue as to this contention, but we have concluded that it is immaterial which version of the facts is correct. For the *726 purposes of this appeal, therefore, and without endeavoring to determine the true facts, we will assume that the Rhodes automobile was being used temporarily as a substitute for the vehicle which is described in the policy, while the latter was withdrawn from normal use because of breakdown, all as contended by plaintiff.
Plaintiff's position, then, is that since a "temporary substitute automobile" is specifically included in the definition of an "insured automobile," she was occupying an insured automobile at the time the accident occurred, and that she thus is not excluded from coverage.
The defendant insurer argues that under the specific provisions of the policy the term "insured automobile" does not include any automobile owned by a resident of the same household as the named insured, and that this provision applies even though the vehicle may otherwise come within the definition of a temporary substitute automobile. In this instance it is argued that since Rhodes is a resident of the same household as the named insured, his automobile is not and cannot be classified as an "insured automobile" under Part IV of the policy, even though it may have been temporarily used as a substitute for the car which is described in that policy.
The trial judge agreed with the position taken by the defendant insurer, and concluded that plaintiff's claim was excluded from coverage under Part IV of the policy.
Courts are bound to give legal effect to all contracts according to the true intent of the parties, and the intent is to be determined by the words of the contract when they are clear and explicit and lead to no absurd consequences. In the absence of conflict with statute or public policy, insurers have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations, and in such event unambiguous provisions limiting liability must be given effect. James v. State, La. App. 4 Cir., 154 So.2d 497; Hardee v. Southern Farm Bureau Casualty Insurance Co., La.App. 3 Cir., 127 So.2d 220. When a provision in an insurance policy is subject to more than one reasonable interpretation, however, then since the contract was prepared by the insurer it should be given the interpretation which is most favorable to the insured. LSA-C.C. Art. 1957; Lincombe v. State Farm Mutual Automobile Ins. Co., La.App. 3 Cir., 166 So.2d 920.
The mover for a summary judgment has the burden of clearly proving the absence of any genuine issue as to material facts, and all reasonable doubts must be resolved against the mover. LSA-C.C.P. Art. 966; Haspel v. Treece, La.App. 4 Cir., 150 So.2d 120 (cert. denied).
With these rules in mind, we conclude that the term "insured automobile," as used in Part IV of the policy involved in this suit, does not include any automobile owned by a resident of the same household as the named insured, even though that vehicle might otherwise be regarded as a temporary substitute automobile. In our opinion the provisions of the policy are clear and unambiguous to that effect. The purpose which the insurer had in excluding automobiles owned by residents of the same household from this type of coverage obviously is to protect itself against situations where an insured could pay for one policy providing uninsured motorist coverage on one vehicle, and then claim coverage while occupying any and all other vehicles owned by residents of the same household, on the assertion that any one of these other vehicles was being used as a temporary substitute for the owned automobile. Even when such an assertion is false, it would be difficult, if not impossible, for the insurer to disprove it.
In the instant suit we agree with the trial judge that the automobile in which plaintiff was riding at the time the accident occurred was not an "insured automobile," since it was owned by a resident of the *727 same household as the named insured. Plaintiff's claim is specifically excluded from coverage under Part IV of the policy, because at the time of the accident plaintiff was occupying an automobile owned by a relative of the named insured, and it was not an "insured automobile." We conclude, therefore, that no error was committed by the trial court in rendering a summary judgment dismissing this suit as to Traders & General.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.