STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, A CORPORATION, APPELLANT, v. DONALD EUGENE HINKEL AND GORDON JOHN HINKEL, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, DONALD EUGENE HINKEL, RESPONDENTS.

No. 6433

September 28, 1971　　　　488 P.2d 1151

*Vargas, Bartlett & Dixon* and *Jon J. Key,* of Reno, for Appellant.

*Robert H. Moore,* of Reno, for Respondents.

## OPINION

By the Court, BATJER, J.:

The facts in this case are not in dispute. On September 12, 1968, the respondent, Gordon John Hinkel, a minor, while operating a Honda motorcycle owned by him, was involved in an accident with an uninsured motorist. The collision was caused by the negligence of the uninsured motorist. The respondent, Donald Eugene Hinkel, who is Gordon's father, owned a 1963 Thunderbird automobile which had been insured by the appellant. The policy included coverage for damage sustained as a result of an accident with an uninsured motor vehicle. Gordon claimed that he sustained injuries caused by the negligence of the uninsured motorist, and upon that ground he sought indemnification under his father's policy.[1] The case was tried before the district judge, sitting without a jury, and a judgment was entered for the respondents and against the appellant for $9,848.90, plus attorney's fees and costs. The trial judge, in making the award, held the appellant liable under the uninsured motorist provisions of the insurance policy issued to Donald. One of those relevant provisions is in part:

*"Coverage U—Damages for Bodily Injury Caused by Uninsured Automobiles.* To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; . . ."

Gordon, who resided in his father's home, contends that he is an insured within the meaning of the policy. The policy includes among the insured:

"(1) The first person named in the declarations and[,] while residents of his household, his spouse and the relatives of either;."

---

[1] The fact that on August 21, 1968, Gordon purchased a policy of liability insurance from Balboa Insurance Company on his Honda motorcycle and expressly waived uninsured motorist coverage is irrelevant to this appeal. If considered at all, it could be inferred that he believed he was covered under his father's policy.

State Farm concedes that Gordon is an insured under the policy's aforementioned definition of insureds, but argues that he is precluded from recovery in this case by the exclusionary provision of the uninsured motorist section of the policy, which states, in part:

*"Insuring Agreement III does not apply:*

" . . .

"(b) to bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an 'insured automobile;'."

The respondents argue (1) that Gordon is covered as an insured under the policy and that he is not barred from recovery by the exclusionary provisions of the policy, and (2) that if Gordon is so barred, then the exclusionary provision is restrictive and contrary to the policy of the State of Nevada as announced in NRS 693.115(1), which provides: "No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed for bodily injury or death may be delivered or issued for delivery in this state unless coverage is provided or supplemental to such policy for the protection of *persons insured under such policy* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." (Emphasis added.)

NRS 693.115(1) becomes a part of every policy of insurance to which it is applicable to the same effect as if it were written out in full in the policy itself. Hendricks v. Meritplan Insurance Company, 22 Cal.Rptr. 682 (Ct.App. 1962). An insurance company may limit coverage only if the limitation does not contravene public policy.

The expressed public policy of Nevada is that an insurance company may not issue an automobile or motor vehicle liability policy which does not protect the insured from owners or operators of uninsured motor vehicles, unless the named insured rejects such coverage. NRS 693.115. The named insured, Donald Hinkel, did not reject coverage. Accordingly, he, and the "residents of his house, his spouse and the relatives of either," were entitled to uninsured motorist protection without limitation. The effort by the appellant to restrict that protection by an exclusionary provision violates the expressed public policy. It was not the intent of the legislature to require the appellant to offer protection with one hand and then take

a part of it away with the other. In Travelers Indemnity Company v. Powell, 206 S.2d 244 (Fla.Ct.App. 1968), the court annulled the same exclusionary clause we are here concerned with, noting that it was not the intention of the legislature to limit coverage to an insured by specifying his location or the particular vehicle occupied at the time of injury. The legislative expression of public policy denied court power to honor such a limitation.

Our statute is forthright and clearly written. It does not contain the myriad of exceptions found in other jurisdictions. The exclusionary provisions of the policy are void and unenforceable because they are repugnant to the intent of the statute and against public policy. In Aetna Insurance Company v. Hurst, 83 Cal.Rptr. 156, 158 (Ct.App. 1969), that court said: "Under the unqualified language of the statute his coverage is not dependent upon whether or not he is in any kind of vehicle. The fact that he was riding an uninsured motorcycle thus has no bearing upon his coverage as defined by the statute."

We find the same reasoning applied to other efforts by the insurance companies to limit uninsured motorist protection. In Butts v. State Farm Mutual Automobile Ins. Co., 207 S.2d 73 (Fla.Ct.App. 1968), the court struck down an effort to exclude the son of the named insured. In Vaught v. State Farm Fire & Casualty Co., 413 F.2d 539 (8th Cir. 1969), the court annulled an attempt to exclude automobiles owned by the city. In Hendricks v. Meritplan Insurance Company, supra, the court would not allow the insurance company to exclude from coverage one under 25 years of age who was operating the insured vehicle. The underlying premise of each decision was that the attempted exclusion from coverage violated the public policy of the statute and was, therefore void.

If we are to accept the appellant's contentions, Gordon was afforded uninsured motorist coverage in every conceivable place on the face of this earth except upon his own motorcycle. Nowhere in the unambiguous language of our statute do we find any authorization for that result.

It is clear intent of the legislature that NRS 693.115(1) requires protection against the peril of injury caused by an uninsured motorist to a "person insured." The legislative purpose in creating compulsory uninsured motorist coverage was to give needed relief to injured parties through insurance paid for by the insured.

The appellant argues that public policy should not permit an owner of two or more motor vehicles to pay for insurance on only one of them and recover compensation for his injuries sustained while operating one of the others. This view has been accepted in some jurisdictions. Rushing v. Allstate Insurance Company, 216 So.2d 875 (La.Ct.App. 1968); Spencer v. Traders & General Insurance Company, 171 So.2d 723 (La. Ct.App. 1965); Shipley v. American Standard Insurance Co. of Wisconsin, 158 N.W.2d 238 (Neb. 1968). We, however, prefer to strictly construe our uninsured motorist statutes and hold that anyone who is a "person insured" within the meaning of the statutes may not be excluded from coverage by provisions in the policy of insurance.

In Allstate Insurance Company v. Meeks, 153 S.E.2d 222 (Va. 1967), the Supreme Court of Virginia considered the facts in that case in the light of their statutory provisions, and held that benefits under an uninsured motorist provision in a liability policy issued to a named insured in one motor vehicle owned by him extended to the named insured while he was operating another motor vehicle owned by him which was not covered in such liability policy. Cf. Bryant v. State Farm Mutual Ins. Co., 140 S.E.2d 817 (Va. 1965).

If our legislature had intended to prevent an owner of two motor vehicles from paying for insurance on only one and recovering benefits for his injuries sustained while operating the other, it could have followed the lead of the legislatures in some of the other jurisdictions and limited the coverage by providing that NRS 693.115(1) did not apply to bodily injury suffered by the insured while occupying a motor vehicle owned by him, unless the occupied vehicle was an insured motor vehicle. Such an amendment would be the prerogative and responsibility of the legislature and not the function of this court. See West's Ann. Insurance Code, § 115802 as amended, 1968; Aetna Insurance Company v. Hurst, supra.

Although the object of the interpretation of an insurance policy is to determine the intent of the parties so that the contract may be given effect consistent with the parties' real intent and purpose (Home Indem. Co. v. Desert Palace, Inc., 86 Nev. 234, 468 P.2d 19 (1970); Richfield Oil Corp. v. Harbor Ins. Co., 85 Nev. 185, 452 P.2d 462 (1969)), that determination must be made in the light of the controlling statutes.

If a contract of insurance is at variance with the statutory requirement, it is against public policy and void. Under NRS 693.115(1), without exception, every automobile or motor vehicle liability policy is, unless the same is waived, required to provide coverage for the persons insured under such policy against uninsured motorists. Here, Gordon Hinkel was a "person insured" and any limitation upon his coverage was void. In accord: Bankes v. State Farm Mutual Automobile Ins. Co., 264 A.2d 197 (Pa.Super.Ct. 1970); Aetna Insurance Company v. Hurst, supra; Allstate Insurance Company v. Meeks, supra; Gulf American Fire & Casualty Company v. McNeal, 154 S.E.2d 411 (Ga.Ct.App. 1967).

The appellant was not entirely without a remedy for, within its power and pursuant to the statutory authority, it could predetermine who was to be a named insured. However, once a person was included as a "person insured," the insurer could not exclude him from coverage.

The judgment of the district court is affirmed.

ZENOFF, C. J., THOMPSON and GUNDERSON, JJ., concur.

MOWBRAY, J., dissenting:

I dissent.

The principal issue presented for our consideration on this appeal is whether Gordon John Hinkel, a minor, who was injured by an uninsured motorist while riding his Honda motorcycle, may recover in damages for those injuries under an insurance policy issued by the appellant, State Farm Mutual Automobile Insurance Company, to Gordon's father, Donald Eugene Hinkel.

1.  *The Facts.*

Gordon, acting through his father as guardian ad litem, and Donald commenced this action in the district court against State Farm to recover damages suffered by Gordon when the Honda motorcycle that he was riding collided with a vehicle driven by an uninsured motorist. The case was tried before the district judge, who entered judgment for the Hinkels and against State Farm for $9,848.90 plus attorney's fees and costs. The trial judge held State Farm liable in damages for Gordon's injuries under the uninsured motorist provisions of an insurance policy issued to Gordon's father, Donald. Those provisions are, in relevant part:

*"Coverage U—Damages for Bodily Injury Caused by Uninsured Automobiles.*   To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile

because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; . . ."

Gordon, who resided in his father's home, claims that he is an insured within the meaning of the policy. The policy includes among the insured:

"(1) the first person named in the declarations and[,] while residents of his household, his spouse and the relatives of either;".

State Farm agrees that Gordon is an insured under the policy's definition of insureds, but argues that he is precluded from recovery in this case by the exclusionary provision of the uninsured motorist section of the policy, which states, in part:

*"Insuring Agreement III does not apply:*

" . . .

"(b) to bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an 'insured automobile';".

The Hinkels contend (1) that Gordon is covered as an insured under the policy and that he is not barred from recovery by the exclusionary provisions of the policy and (2) that if Gordon is so barred, then the exclusionary provision is restrictive and contrary to the policy of the State of Nevada as enumerated in NRS 693.115, subsection 1, which provides:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed for bodily injury or death may be delivered or issued for delivery in this state unless coverage is provided or supplemental to such policy for the protection of persons insured under such policy who are legally entitled to recover damages from owners or operators of uninsured motor vehicles."

Donald initially obtained from State Farm a policy of automobile liability insurance covering a 1963 Thunderbird. The policy included the aforementioned uninsured motorist coverage. Thereafter, Gordon purchased a Honda motorcycle for which he obtained an insurance policy from Balboa Insurance Company. Although offered the uninsured motorist coverage by Balboa, Gordon expressly waived it. At no time until the accident was State Farm aware of the fact that Gordon had purchased the Honda or that it was insured by Balboa.

2. *The Uninsured Motorist Coverage.*

In my opinion Gordon is precluded, by the exclusionary clause of the State Farm policy, from recovery under the uninsured motorist coverage, in that the Honda motorcycle he

was riding at the time of the accident was not an "insured automobile" as that term is defined in the policy. The exclusionary clause is unambiguous, and I do not find such an exclusion so restrictive as to be contrary to the policy of the State as announced in NRS 693.115, subsection 1, *supra.*

I find nothing in the statute to require us to come to the conclusion that an insurance company—in this case, State Farm—may not issue a policy of insurance with that uninsured motorist coverage contemplated by the statute, designating the vehicles to be included in the policy and thereby limiting coverage to those vehicles so named. To rule as the majority has done means that an insured can obtain uninsured motorist coverage for a sole vehicle, then later obtain a fleet of cars and automatically have them covered by the initial policy of insurance. I do not think that the statute intended to go that far. The court in Spencer v. Traders & Gen. Ins. Co., 171 So.2d 723, 726 (La.App. 1965), put the reason for the rule rather well:

". . . The purpose which the insurer had in excluding automobiles owned by residents of the same household from this type of coverage obviously is to protect itself against situations where an insured could pay for one policy providing uninsured motorist coverage on one vehicle, and then claim coverage while occupying any and all other vehicles owned by residents of the same household, . . ."

In Rushing v. Allstate Ins. Co., 216 So.2d 875, 876 (La. App. 1968), the court upheld a similar exclusionary clause and said:

". . . Under the provisions of . . . [the uninsured motorist statute] uninsured motorists protection is extended only to those who are insured by automobile liability insurance. When Rushing occupied an owned motor vehicle, not insured, he was no longer protected by the Allstate policy which covered his other car. *We can see nothing in the statute which requires an insurer to extend uninsured motorist protection under one policy to one who has elected not to insure another vehicle owned by him, so long as he occupies that vehicle.* The exclusionary clause relied on by defendant is reasonable and not in violation of . . . [the uninsured motorist statute]." (Emphasis added.)

In a well reasoned opinion, the court in Shipley v. American Standard Ins. Co., 158 N.W.2d 238, 240 (Neb. 1968), ruled:

"An uninsured motorist endorsement should be interpreted in light of statutory requirements concerning coverage. The statute was designed to protect innocent victims of negligent

and financially irresponsible motorists. . . . An overriding public policy of protecting an owner-operator who inexcusably has no applicable bodily injury liability coverage is not presently discernible.

"An insurance contract should be interpreted in accordance with reasonable expectations of the insured at the time of the contract. . . . He [Plaintiff] might expect the uninsured motorist endorsement to cover loss while he was operating his motorcycle, but such expectations are unreasonable."

Finally, as the United States Court of Appeals said in Nationwide Mut. Ins. Co. v. Akers, 340 F.2d 150, 155, 156 (4th Cir. 1965):

"The coverage provided by the policy is more clearly manifested by a definition of 'owned automobile' which appears on the reverse of the declaration sheet. An 'owned automobile' is defined as a 'private passenger, farm or utility automobile *described in the policy.*' (Emphasis added.) This definition serves to restrict coverage in a situation like the present where all automobiles owned by the insured are not listed on the declaration sheet. The clear import of this language is to limit coverage of the policy to those automobiles owned by the insured and *described in the policy declarations.*

". . .

". . . [C]onsequently, . . . [the insured] could own an unlimited number of cars and all would be insured[;] yet he would be paying premiums for coverage on only two [the two described in the policy]. Such reasoning is fallacious and would lead to a result beyond the intent of the contracting parties." (Emphasis in original of Akers opinion.)[1]

I would rule that the exclusionary clause of the uninsured motorist coverage provision is clear and binding in this case, that it is not so restrictive as to offend the policy announced in the related statute, and that Gordon cannot recover in damages from State Farm.

---

[1] I agree. In my opinion the Legislature, in adopting NRS 693.115, never intended that an insured could purchase a single policy of uninsured motorist insurance on one motor vehicle but refuse to do so on any other vehicles that he or any resident member of his family owned then or at any subsequent time and intend that the initial coverage of the one vehicle would extend to all vehicles then owned or later acquired by members of the household. To so interpret the statute seems most unrealistic and unreasonable, for there would be no additional premium required or paid for the added coverage.