The **CINCINNATI INSURANCE CO., Plaintiff,**

v.

The **HERTZ CORPORATION, Defendant.**

No. C2–90–673.

United States District Court, S.D. Ohio, E.D.

Oct. 28, 1991.

Gregory Duval Rankin Lane, Alton and Horst, Columbus, Ohio, for plaintiff.

Jeffrey Michael Betz, Mark E. DeFossez, Reminger & Reminger, Columbus, Ohio, for defendant.

## OPINION AND ORDER

GEORGE C. SMITH, District Judge.

This action was filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, by Plaintiff Cincinnati Insurance Company (hereinafter "Cincinnati Insurance" or "Plaintiff"), an insurance carrier authorized and empowered to issue policies of insurance to motorists residing within the state of Ohio, against Defendant Hertz Corporation (hereinafter "Hertz" or "Defendant"), a corporation duly organized and existing under the laws of the state of Delaware. The jurisdiction of this Court is invoked under Title 28 U.S.C. § 1332(a)(1); diversity jurisdiction. Presently before this Court are cross Motions for Summary

Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## FACTS

On or about September 28, 1987, Mr. Dick Malone rented an automobile from the Hertz Corporation at a rental outlet located at McCarran International Airport, Las Vegas, Nevada. Mr. Malone is a licensed Ohio driver. The rental car provided to Mr. Malone was registered in the state of Nevada.

The Hertz rental automobile which Mr. Malone was driving was rear-ended in Las Vegas, Nevada by a vehicle driven by Mr. Jose Escalera, a licensed driver of the state of California. Mr. Escalera was driving a car registered in the state of Colorado under the name of Carlos Escalero. The Cincinnati Insurance Company has been unable to locate either driver or owner of the car which rear-ended the car Mr. Malone was driving, and therefore has been unsuccessful in determining whether Mr. Escalera or Mr. Escalero were insured on the date of the accident. As a result of the accident on September 28, 1987, Mr. Malone sustained numerous injuries which have required medical treatment and therapy.

Mr. Malone has demanded coverage under the uninsured motorist portion of his policy of insurance with Cincinnati Insurance Co. for damages Malone incurred as a result of the accident. Cincinnati Insurance Co. filed this declaratory judgment action against Hertz seeking a declaration that, by operation of law, Hertz is the primary uninsured carrier and must provide uninsured coverage to Mr. Malone.

## STANDARD OF REVIEW

In considering the cross motions for summary judgment, the Court is mindful that the standard for summary judgment "mirrors the standard for a directed verdict under [Rule 50(a)], which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d

202 (1986) (citing *Brady v. Southern Ry. Co.*, 320 U.S. 476, 479–80, 64 S.Ct. 232, 234–35, 88 L.Ed. 239 (1943)). Thus, the Supreme Court concluded in *Anderson* that a judge considering a motion for summary judgment must "ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." 477 U.S. at 252, 106 S.Ct. at 2512.

Rule 56(c) of the Federal Rules of Civil Procedure provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In essence, the inquiry is whether the evidence presented a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2511–12.

Such an inquiry necessarily implicates the evidentiary standard of proof that would apply at the trial on the merits. As a result, the Court must view the evidence presented through the prism of the substantive evidentiary burden. Rule 56(e) therefore "requires the nonmoving party to go beyond the pleadings and by their own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file', designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552.

In *Banks v. Rockwell International N. Am. Aircraft Operations*, 666 F.Supp. 1053 (S.D.Ohio 1987) (Graham, J.), this dis-

**1238**

trict enunciated the importance of granting summary judgments in appropriate situations by stating as follows: "Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* at 1056 (citing *Celotex Corp. v. Catrett,* 477 U.S. at 327, 106 S.Ct. at 2554, (quoting Fed.R.Civ.P. 1); *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

Thus, the mere existence of a scintilla of evidence in support of a plaintiff's claim is insufficient—there must be evidence upon which a jury could reasonably find for the plaintiff. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512. Having discussed the Rule 56 standard of review, the Court now turns to the merits.

## DECISION

On May 31, 1991, Plaintiff Cincinnati Insurance filed a Motion for Summary Judgment seeking a declaration that Defendant Hertz is the primary insurer for the uninsured motorist accident involving Malone's rental car. On July 15, 1991, Hertz filed a Motion to Dismiss the Complaint for Failure to State a Claim upon which relief can be granted. Hertz supports the motion on two grounds; First, defendant asserts that the complaint should be dismissed for lack of standing, and second, defendant asserts that the complaint should be dismissed because defendant is not an "insurer" under Nevada law.

Cincinnati Insurance subsequently filed a Motion to Strike Defendant's Motion to Dismiss. Plaintiff's Motion to Strike alleges that Hertz's Motion to Dismiss makes references to matters "outside the pleadings," including an attached exhibit and certain factual allegations. Plaintiff therefore requested that this Court convert Defendant's Motion to Dismiss into a Motion for Summary Judgment.

The parties were previously ordered by the Court to file motions for summary judgment no later than May 31, 1991. Because defendant filed its motion on July 15, 1991, plaintiff further requests that this Court strike such converted Motion for Summary Judgment on the basis that the motion was not timely filed. The Court will address all of these matters *seriatim.*

### I. Conversion of a Motion to Dismiss to a Motion for Summary Judgment

When considering a Motion to Dismiss, matters presented outside the pleadings must be excluded by the Court. *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972). If material outside the pleadings has been offered to accompany a Motion to Dismiss, the Court has two options. First, the Court may exclude the additional material and decide the motion based upon the complaint alone. *Kopec v. Coughlin,* 922 F.2d 152, 154 (2nd Cir.1991). Second, the Court may treat the Motion to Dismiss as a Motion for Summary Judgment and dispose of the motion as provided in Rule 56. *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972); *Rose v. Bartle,* 871 F.2d 331, 340 (3rd Cir.1989). If matters outside the complaint are considered by the Court in ruling on a Motion to Dismiss, then the motion must be considered as a Motion for Summary Judgment. *Sims v. Mercy Hospital of Monroe,* 451 F.2d 171 (6th Cir.1971).

Pursuant to the Court's Notice dated September 19, 1991, the motion to dismiss was converted to a motion for summary judgment. Rule 56 requires an opportunity for the parties to present pertinent material, which presumes notice to the parties so that the parties may take advantage of such opportunity. *Davis Elliott International, Inc. v. Pan American Container Corp.,* 705 F.2d 705, 708 (3rd Cir. 1983). Whether notice of conversion is required or not depends on the facts and circumstances of each case. *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389 (6th Cir.1975). In general, however, courts require notice of conversion in order to give the parties an opportunity to present material to the Court. *Rose v. Bartle,* 871 F.2d 331 (3rd Cir.1989). Applying these standards to the facts of this case, the Court gave the parties an oppor-

tunity to either support or oppose defendant's motion with material "outside the pleadings," including depositions, answers to interrogatories, admissions on file, and affidavits. Rule 56(c) requires that all parties have at least ten days notice before the Court will consider a Motion for Summary Judgment. The Court has therefore given the parties ten business days notice to submit materials "outside the pleadings" for the Court's consideration of the converted Motion for Summary Judgment of defendant.

In response, Defendant Hertz filed a Memorandum of Law in Support of Its Converted Motion for Summary Judgment on October 11, 1991. As previously alluded to, due to the conversion, the Court now has before it cross motions for summary judgment.

Although the converted Motion for Summary Judgment was filed after the deadline set by the Magistrate for the parties to file motions for summary judgment, in the interest of justice the Court hereby accepts defendant's Motion for Summary Judgment as timely filed.

Having converted defendant's Motion to Dismiss and having provided both parties with an opportunity to submit additional material, the Court will now consider the merits of the parties' respective motions for summary judgment.

## II. *Motion for Summary Judgment of Defendant Hertz*

### A. Standing for Declaratory Judgment

■ Defendant Hertz asserts that Plaintiff Cincinnati Insurance lacks standing to bring this cause of action. Under Rule 57 of the Federal Rules of Civil Procedure, the Court has the power to grant declaratory relief when another adequate remedy is available. The test is whether or not the other remedy is more effective or efficient, and hence whether the declaratory action would serve a useful purpose. *Braden v. 30th Judicial Circuit Court of Commonwealth of Kentucky*, 454 F.2d 145, 147 n. 1 (6th Cir.1972), *rev'd on other grounds*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

■ Defendant has offered no alternative remedies to a declaratory action, except to assert that this dispute over failure to offer uninsured motor vehicle coverage constitutes a regulatory issue arising solely between Defendant Hertz, Mr. Malone, and the Nevada Department of Insurance.

Contrary to Defendant's assertion, Plaintiff has a substantial interest in the resolution of this dispute. The insurance policy issued by Plaintiff to Mr. Malone provides that Plaintiff will pay damages as a result of bodily injuries received by Mr. Malone as the result of a collision with an uninsured motorist. However, the policy contains an excess clause which states that when the insured, Mr. Malone, is driving a vehicle owned by a third party, plaintiff will pay only the amount that exceeds any other applicable insurance. Therefore, if the Court determines that Hertz had a duty to provide uninsured motorist coverage to Mr. Malone, Cincinnati Insurance will only be liable to Mr. Malone for any damages that exceed the uninsured motorist coverage of Hertz. Because Defendant's liability coverage is $100,000 per person, Plaintiff's potential liability to Mr. Malone could be reduced by $100,000 if the Court were to find in favor of the Cincinnati Insurance.

It should be noted that Hertz has failed to support their position of lack of standing by Cincinnati Insurance with any authority whatsoever.

The Court therefore finds that a declaratory action serves a useful purpose in determining the potential liabilities of each party to Mr. Malone, and holds that a declaratory judgment is a proper means of resolving this dispute.

### B. Defendant's Status as an "Insurer"

■ Defendant Hertz further argues that they are entitled to summary judgment due to the fact that they are not an "insurer" under Nev.Rev.Stat. § 679A.100 and therefore cannot be declared the primary insurer for uninsured motorist accidents involving Malone's rental car.

Nev.Rev.Stat. § 679A.100 defines "insurer" as follows:

Insurer includes every person engaged as principal and as indemnitor surety or contractor in the business of entering into contracts of insurance.

Hertz's argument is that they are engaged in the business of renting motor vehicles, and not in the business of insurance sales. Hertz apparently proposes that a business may not simultaneously rent motor vehicles and enter into contracts of insurance, however, they cite no authority to support this proposition. Furthermore, by offering liability insurance, Hertz has demonstrated a willingness to engage in the business of entering into contracts of insurance. *See* Nev.Rev.Stat. § 690B.020. Surely the offer of insurance to rental car customers is not done as an extension of good will, and is instead a profitable means of generating additional income beyond their primary business of renting automobiles. As such, Defendant's contention that they cannot be considered an "insurer" is not well taken.

III. *Plaintiff Cincinnati Insurance's Motion for Summary Judgment*

█ Plaintiff Cincinnati Insurance asserts that summary judgment should be awarded on their behalf because Defendant Hertz has a duty under Nevada law to provide uninsured motorist coverage to their patron, specifically, Malone. Hertz, when Mr. Malone rented the automobile, offered to provide liability insurance coverage to Malone for the vehicle rented by Malone. Plaintiff contends that Hertz had a duty under Nevada law to further offer uninsured motorist coverage when they offered the liability coverage to Malone and to obtain any waiver of said insurance in writing. Cincinnati Insurance further argues that because Hertz had a duty to offer uninsured motorist coverage to Malone and subsequently failed to obtain a written waiver of this insurance, Hertz is the primary insurer and as such is liable to Malone for damages resulting from the collision up to the limits of the liability coverage offered by Hertz, even though

Malone did not accept Defendant Hertz's offer of liability coverage.

Nev.Rev.Stat. § 690B.020, Nevada's uninsured motorist statute, provides in relevant part as follows:

Except as otherwise provided in this section and NRS 690B.035, no policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle may be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages, from owners or operators of uninsured or hit-and-run motor vehicles, or bodily injury, sickness, or disease, including death, resulting from the ownership, maintenance or use of the uninsured or hit-and-run motor vehicle. No such coverage is required in or supplemental to a policy issued to the state of Nevada or any political subdivision thereof, or where rejected in writing, on a form furnished by the insurer describing the coverage being rejected, by an insured named therein, or upon any renewal of such a policy unless the coverage is then requested in writing by the named insured. The coverage required in this section may be referred to as "uninsured vehicle coverage."

In essence, Nev.Rev.Stat. § 690B.020 provides that any automobile insurance policy *"delivered or issued for delivery"* in the state of Nevada must provide uninsured motorist coverage. If uninsured motorist coverage is not expressed in the policy, such coverage will be implied by law. *See* Nev.Rev.Stat. § 690B.020. The statute further provides that the *"insured"* may reject uninsured motorist coverage, but must do so in writing.

§ 690B.020 refers to automobile insurance policies "delivered or issued for delivery" in the state of Nevada. Cincinnati Insurance would have this Court extend the meaning of the statute to include policies "offered" in the state of Nevada. Clearly, a distinction can be drawn between the issuance of an insurance policy and the mere offer to issue a policy.

To support their position, Plaintiff cites *State Farm v. Hinkel*, 87 Nev. 478, 488 P.2d 1151 (1971), for the proposition that unless uninsured motorist coverage is waived, uninsured motorist coverage must be provided whenever an insurer offers liability coverage.

The Court finds Plaintiff's reading of the holding in *State Farm v. Hinkel, supra,* to be too broad. The Nevada Supreme Court did not extend uninsured motorist coverage to situations in which a person has been offered but has refused to accept liability coverage. Rather, the Court held that an insurance company may not issue an automobile liability policy which does not protect the insured from owners or operators of uninsured motor vehicles, unless the named insured rejects such coverage. *State Farm v. Hinkel*, 87 Nev. 478, 488 P.2d 1151, 1153 (1971). The Court thus restricts its holding to those persons who are "insured". More than a mere "offer" of liability coverage is required in order for the uninsured motorist coverage statute to apply.

The majority opinion in *State Farm* reasoned that the plaintiff, the insured, accepted liability coverage and was therefore automatically entitled to uninsured motorist coverage absent an express waiver. The majority further states that the defendant insurance company had a remedy: the insurance company itself could predetermine who it would insure. "[O]nce a person was included as a 'person insured,' the insurer could not exclude him from coverage." *State Farm* is thus premised on the basis that the liability policy must be issued, not merely offered, in order for a person to be "insured" and to be entitled to uninsured motorist coverage.

In the case at bar, plaintiff does not merely request that this Court extend the holding in *State Farm*. Plaintiff seeks a declaratory judgment that would contradict the reasoning adopted by the Nevada Supreme Court in deciding *State Farm*. Plaintiff has neither provided evidence that Malone accepted defendant's offer of coverage nor has plaintiff set forth evidence that defendant delivered or issued for delivery automobile liability coverage to Malone. Plaintiff seeks a declaratory judgment on the basis that defendant offered liability coverage to Malone. However, a mere offer of liability insurance is not sufficient to require the defendant to be the primary insurer for uninsured motorist accidents involving Malone's rental car. Absent evidence that defendant issued, and not merely "offered", liability coverage to Malone, Nev.Rev.Stat. § 690B.020 does not apply to this case as a matter of law. In order for plaintiff to establish a claim, plaintiff must submit evidence that defendant delivered or issued for delivery a liability policy to Malone.

## CONCLUSION

As previously stated, Defendant Hertz's Motion for Summary Judgment seeks judgment in their favor on the grounds that the complaint lacks standing and that they are not an "insurer" under Nevada law. For the reasons set forth above, the Court finds no basis in law or in evidence to support either ground, and therefore defendant's Motion for Summary Judgment is DENIED.

Plaintiff's Motion for Summary Judgment seeks a declaration that defendant is the primary insurer for uninsured motorist accidents involving the rental car. The Court finds insufficient evidence at this time to warrant such a declaration, and plaintiff's Motion for Summary Judgment is therefore likewise, DENIED.

IT IS SO ORDERED.