**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GENERAL INSURANCE COMPANY
OF AMERICA, a Washington corporation,

            Plaintiff-counter-defendant -
Appellee,

EMPLOYERS INSURANCE COMPANY
OF NEVADA,

            Intervenor-Plaintiff -
Appellee,

   v.

SCOTT CRONK; et al.,

            Defendants-counter-claimants
- Appellants.

No. 12-15755

D.C. No. 3:10-cv-00588-LRH-VPC

MEMORANDUM[*]

EMPLOYERS INSURANCE COMPANY
OF NEVADA,

            Intervenor-Plaintiff -
Appellant,

   v.

No. 12-15791

D.C. No. 3:10-cv-00588-LRH-VPC

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

GENERAL INSURANCE COMPANY
OF AMERICA, a Washington corporation,

                Plaintiff-counter-defendant -
Appellee,

  and

SCOTT CRONK; et al.,

                Defendants-counter-
claimants.

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted January 15, 2014[**]
San Francisco, California

Before: ALARCÓN, TALLMAN, and IKUTA, Circuit Judges.

      Scott Cronk, Chris Crumley, and Employers Insurance of Nevada appeal from

the district court's order granting summary judgment in favor of General Insurance

Company of America (GICOA).  We have jurisdiction under 28 U.S.C. §1291.

      Neither Cronk nor Crumley was entitled to coverage under the plain language

of Carson Nugget's uninsured motorist endorsement because they were not

---

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"'occupying' a covered 'auto' or a temporary substitute for a covered 'auto'" when injured. Because neither Cronk nor Crumley was a "person insured" under Carson Nugget's commercial automobile policy, their exclusion from uninsured motorist coverage does not violate Nevada's public policy. *See State Farm Mut. Auto. Ins. Co. v. Hinkel*, 87 Nev. 478, 484 (1971). Nor is section 616C.215(3)(c) of the Nevada Revised Statutes to the contrary, as Cronk and Crumley were not injured "under circumstances entitling [them] . . . to receive proceeds under [their] employer's policy of uninsured or underinsured vehicle coverage." Nev. Rev. Stat. § 616C.215(3).

**AFFIRMED.**